## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MARSHA WILCOX,<br><br>Plaintiff,<br><br>-against-<br><br>SAR HOSPITALITY LLC,<br>RAJNI KIROLA, individually,<br>MUKESHBHAI AMIN, individually,<br>SWETA PATEL, individually,<br>PURVI SHAH, individually, and,<br>UDAY RAVAL, individually,<br><br>Defendants. | Civil Action No.<br><br><br><br>**COMPLAINT**<br><br>Plaintiff Demands a Trial<br>by Jury |

Plaintiff MARSHA WILCOX ("Wilcox " or "plaintiff"), by her attorney, LEVINE & BLIT, PLLC, complaining of Defendants SAR HOSPITALITY LLC ("SAR", "the company" or "defendant"), RAJNI KIROLA, individually ("Kirola" or "defendant"), MUKESHBHAI AMIN, individually ("Amin" or "defendant"), SWETA PATEL, individually ("Patel" or "defendant"), PURVI SHAH, individually ("Shah" or "defendant"), and UDAY RAVAL, individually ("Raval" or "defendant") (SAR and the five individual defendants collectively "defendants") respectfully alleges upon information and belief:

### NATURE OF THE ACTION

1. This action is brought to remedy unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Defendants' actions were unlawful and plaintiff seek injunctive and declaratory relief, monetary damages, liquidated damages, interest, attorneys' fees, costs, and other appropriate legal and equitable relief pursuant to the FLSA, and such other further relief as this

[1]

Court deems necessary and proper.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under 28 U.S.C. §1331, because the matter in controversy is a civil action arising under the Constitution, laws or treaties of the United States.

4. Venue of this action in the Middle District of Florida under 28 U.S.C. §1391 is appropriate as Defendants have their principal place of business within the district, and as the Middle District is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

5. Plaintiff Wilcox is an individual who resides in Sarasota County, FL.

6. Defendant SAR is a domestic business corporation with a principle place of business at 4309 N. Tamiami Trail BS, Sarasota, FL 34234. SAR provides hotel and hospitality services.

7. Upon information and belief, defendant Kirola is a resident of Manatee County, FL, and is a corporate officer, owner, and manager of SAR, and exercises control over SAR and the terms and conditions of plaintiff's employment, including but not limited to the amount of wages plaintiff receives.

8. Upon information and belief, defendant Mukeshbhai is a resident of Pasco County, FL, and is a corporate officer, owner, and manager of SAR, and exercises control over SAR and the terms and conditions of plaintiff's employment, including but not limited to the amount of wages plaintiff receives.

9. Upon information and belief, defendant Patel is a resident of Pasco County, FL, and is a corporate officer, owner, and manager of SAR, and exercises control over SAR and the

terms and conditions of plaintiff's employment, including but not limited to the amount of wages plaintiff receives.

10. Upon information and belief, defendant Shah is a resident of Manatee County, FL, and is a corporate officer, owner, and manager of SAR, and exercises control over SAR and the terms and conditions of plaintiff's employment, including but not limited to the amount of wages plaintiff receives.

11. Upon information and belief, defendant Raval is a resident of Sarasota County, FL, and is a general manager of SAR, and exercises control over SAR and the terms and conditions of plaintiff's employment, including but not limited to the amount of wages plaintiff receives.

12. At all times relevant to this action, Defendants were "employers" of plaintiffs within the meaning of the FLSA § 203.

13. Upon information and belief, at all times relevant to this action, SAR has been an enterprise engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C § 207(a) insofar that it: (1) has had employees engaged in commerce or in the production of goods for commerce, and handles, sells or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (2) has had annual gross volume of sales not less than $500,000.

14. Upon information and belief, plaintiff has been engaged in interstate commerce insofar as she has ordered or received goods from an out-of-state suppliers, and/or handled interstate transactions such as credit card transactions that involve the interstate banking and finance systems.

15. At all times relevant to this action, defendants Kirola, Amin, Patel, Shah and Raval held supervisory positions over the plaintiff, set rates of pay, set hours worked, determined that

plaintiff would not be paid proper overtime wages, and otherwise undertook and recommended tangible employment decisions controlling the terms and conditions of plaintiff's employment with defendant SAR.

16. At all times relevant to this action, plaintiff was an employee of Defendants within the meaning of the FLSA, and entitled to protection. At all times relevant to this action, plaintiff performed services as employees for defendants within the Middle District of Florida.

## FACTUAL ALLEGATIONS

17. Upon information and belief, defendants own and operate a Super 8 motel in Sarasota, FL.

18. Plaintiff began her employment tenure in the Super 8 motel several years ago, and has been employed consistently at the motel since she began her employment.

19. Upon information and belief, defendants purchased and began operating the motel in or around December, 2020, which is when defendants assumed control over plaintiff's employment.

20. Defendants set plaintiff's rate of pay at $11.50 per hour, and have maintained that rate of pay for plaintiff at all times from when defendants began operating the motel in or around December, 2020, to present.

21. Plaintiff has regularly performed the following, non-exempt duties for defendants at the motel from in or around December, 2020, to present: opening up the motel's office and front desk in the morning; setting up the continental breakfast for the motel's guests; washing laundry used by guests, such as sheets and towels; and cleaning the motel's parking lot, walkways and lobby, among many other things.

22. At all times relevant to this complaint, defendants have regularly scheduled plaintiff

to work seven (7) days per week, with few exceptions.

23. At all times relevant to this complaint, defendants have regularly scheduled plaintiff to work approximately no less than twelve (12) to thirteen (13) hours per day, with few exceptions.

24. At all times relevant to this complaint, defendants have regularly paid plaintiff biweekly, in two checks.

25. At all times relevant to this complaint, defendants have only paid plaintiff her regular wage, and have not paid plaintiff her overtime wage for all hours worked over forty (40) in a workweek.  This continues to present

26. For example, for the two workweeks ending 7/24/2021, plaintiff worked approximately 158 hours for defendants over the course of the two workweeks.  For the approximately 158 hours of work, defendants paid plaintiff only approximately $1,800, thereby failing and refusing to pay plaintiff the legally required overtime premium for all hours worked over forty (40) in a workweek.

27. Defendants' failure and refusal to pay plaintiff overtime wages throughout her employment tenure with defendants was willful and intentional, as plaintiff regularly complained to Raval that she was not getting paid overtime wages, but defendants continued to deny plaintiff her overtime wages and continue to disregard the law.

28. Defendants were aware or should have been aware that their pay practices, as alleged herein, were in violation of the FLSA, but willfully engaged in such unlawful pay practices regardless.

29. Defendants' non-payment of overtime wages was willful and without a good faith belief of compliance with the law; therefore, plaintiff is entitled to recover liquidated damages under the FLSA.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Unpaid Overtime Wages Under the FLSA)

30. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. At all times relevant to this action, defendants were covered employers pursuant to the FLSA.

32. Throughout the entirety of plaintiff's employment tenure with defendants, plaintiff regularly worked over forty (40) hours per week for defendants, just about each and every workweek, as a non-exempt employee pursuant to the FLSA.

33. Defendants failed to pay plaintiff overtime wages of 1.5 times their regular rates of pay for all hours worked in excess of forty in a workweek, throughout her employment tenure, in violation of the FLSA.

34. Defendants' failure to pay overtime premiums was willful and intentional.

35. As a result of defendants' FLSA violations, plaintiff is entitled to recover from defendants her unpaid overtime wages, and an equal amount representing statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, pursuant to the FLSA.

## JURY DEMAND

Plaintiff respectfully requests a trial by Jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter an Order:

(a) declaring the acts and practices complained of herein are in violation of the FLSA;

(b) directing Defendants to pay Plaintiff her actual damages in an amount to be determined at trial for lost overtime wages, as provided by the FLSA;

    (c)    directing Defendants to pay Plaintiff liquidated damages, as provided by the FLSA;

    (d)    directing Defendants to pay Plaintiff's reasonable attorneys' fees, together with the costs and disbursements of this action; and

    (e)    directing such other and further relief as this Court deems just and equitable.

Dated:    January 31, 2022    Respectfully Submitted,

_____
By: RUSSELL MORIARTY, ESQ.
Florida Bar No. 110964

LEVINE & BLIT, PLLC
Attorneys for Plaintiff

201 South Biscayne Boulevard
Suite 2800
Miami, FL 33131
Phone: (305)913-1338
Email: RMoriarty@LevineBlit.com